# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman TIMOTHY P. WATSON
### United States Air Force

## ACM S32380

## 15 June 2016

Sentence adjudged 11 January 2016 by SPCM convened at Tinker Air Force Base, Oklahoma. Military Judge: Michael P. Dillinger (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, and reduction to E-1.

Appellate Counsel for Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Colonel Katherine E. Oler

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000).

Although we find no prejudice to this particular Appellant, we are compelled to again address a number of discrepancies in the post-trial processing of this case. First, the staff judge advocate's recommendation (SJAR) incorrectly advised the convening authority the maximum punishment for this special court-martial included forfeiture of allowances. Second, the addendum to the SJAR did not specifically advise the convening authority of her mandatory requirement to consider the SJAR and the report of result of trial before taking action. *See* Rule for Courts-Martial 1107(b)(3)(A); Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.20.1.2 (6 June 2013). The consistent

use of post-trial processing templates found in AFI 51-201 will eliminate unnecessary errors as found here and better facilitate accurate post-trial processing.

Finally, the addendum to the SJAR failed to address Appellant's erroneous statement in his clemency submission that Article 60, UCMJ, 10 U.S.C. § 860, prohibited the convening authority from disapproving the punitive discharge adjudged in this case. Appellant's charged offense predated the effective date for the new Article 60, UCMJ, provisions; thus, the convening authority retained her full clemency powers over Appellant's sentence. We believe it is always prudent for a staff judge advocate, as the party solely responsible for accurately advising the convening authority, to identify and correct erroneous statements of the law raised during post-trial processing proceedings.

Nevertheless, no error materially prejudicial to the substantial rights of Appellant occurred. Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court